**4**

Angie M. Marth, Esq. SBN 264567
Shapiro, Van Ess, Sherman & Marth, LLP
949 South Coast Drive, Suite 475
Costa Mesa, CA 92626
Telephone: (877) 257-0717
Fax: (847) 879-4836
*Attorneys for Movant*

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF CALIFORNIA
## SACRAMENTO DIVISION

| | |
|---|---|
| In re: | ) CASE: 19-20284 |
| | ) CHAPTER: 7 |
| Duane R Zanon | ) |
| Carol M Zanon, | ) DC NO.: AMM-001 (Eastern) |
| | ) |
| Debtor(s). | ) |
| | ) MOTION FOR RELIEF FROM |
| | ) STAY |
| | ) *[Local Rule 4001-1 and Local Rule 9014-1(f)(1)]* |
| | ) |
| | ) **DATE:    March 21, 2019** |
| | ) **TIME:    10:00 a.m.** |
| | ) **PLACE:  501 I Street, 6th Floor,** |
| | ) **Courtroom 33** |
| | ) **Sacramento, CA** |

**The Bank of New York Mellon as Indenture Trustee for Nationstar Home Equity Loan Trust 2009-A** ("Movant"), hereby moves the Court for an Order Terminating the Automatic Stay for cause pursuant to *11 U.S.C. Section 362(d)(1)* and/or *(d)(2)* on the grounds hereafter set forth:

     1.    On January 17, 2019, **Duane R Zanon and Carol M Zanon** ("Debtor") filed a Chapter 7 petition in the United States Bankruptcy Court for the Eastern District of California,

Sacramento Division, Case No. 19-20284.  **Nikki B. Farris** is the duly appointed and acting Chapter 7 Trustee.

2.      The court has jurisdiction over this Motion for Relief from the Automatic Stay under the provisions of *28 U.S.C. Sections 157* and *1334* and *11 U.S.C. Section 362*.  Venue in this Court is proper under the provisions of *28 U.S.C. Section 1409.*

3.      The Debtor's estate includes real property commonly known as **28 Cherokee Road, Oroville, CA 95965** ("Property").

4.      Movant is the holder of a Promissory Note ("Note") in the original principal amount of $184,500.00 made, executed, and delivered by borrower Duane R. Zanon and Carol M. Zanon on June 12, 2007, to NATIONSTAR MORTGAGE LLC as payee, ("Original Lender").  The Note is secured by Deed of Trust ("Deed of Trust") encumbering real property commonly known as **28 Cherokee Road, Oroville, CA 95965** ("Property") and is legally described in the Deed of Trust.

5.      The total amount due under the Note and Movant's Deed of Trust as of January 22, 2019, exclusive of attorneys' fees and costs, was approximately **$204,653.10**.

| | |
|---|---|
| Unpaid Principal Balance: | $176,410.13 |
| Interest: | $18,918.50 |
| Escrow Advance Balance: | $1,658.75 |
| Other fees and costs: | $7,665.72 |
| **Total due:** | **$204,653.10** |

6.      As of January 22, 2019, the Debtors have defaulted in their loan obligation by failing to make regular monthly mortgage installments for the months of January 01, 2018 through and including January 01, 2019 for total arrearage of **$21,779.03**, exclusive of attorneys' fees and costs. An additional payment of **$1,675.31** has become due on **February 01, 2019**.

7.      The Debtors claim under penalty of perjury in Schedule A – Real Property and in Schedule D – Creditors Holding Secured Claims, that the real property has a fair market value of **$150,000.00**.  True and correct copies of said Schedule A and Schedule D are attached hereto as **Exhibit 5** and is incorporated herein by reference.  After deducting the estimated costs of sale and the total encumbrances from the Debtors' value of the real property, there is no remaining equity cushion to adequately protect Movant's interest in the real property.

8.      Furthermore, the real property has no substantial value for the Debtors' estate. According to Schedule A, the fair market value of the real property is **$150,000.00**. The real property is encumbered by Movant's deed of trust securing a debt of **$204,653.10**.  Since the total encumbrances against the property are estimated to be **$204,653.10**, there is no equity in this asset for the Chapter 7 Trustee to administer.

9.      There is cause to terminate the automatic stay so that Movant can progress enforcement of its contractual default remedies under the Note and Deed of Trust.  Pursuant to *11 U.S.C. § 362(d)(1)*, Movant's interest in the Property is not protected by an adequate equity cushion.  Pursuant to *11 U.S.C. § 362(d)(2)(A),* the Debtors have minimal to no equity in the Property; and, pursuant to *§362(d)(2)(B)*, the Property is not necessary to an effective reorganization.

WHEREFORE, Movant prays for an Order as follows:

1.      Order Terminating Automatic Stay to allow Movant to enforce its state law foreclosure remedies against the real property described above and to allow the successful bidder to recover possession of said real property in accordance with applicable state laws.

2.     That the Order Terminating Automatic Stay is binding and effective notwithstanding any conversion of this case to a case under any Chapter of Title 11 of the United States Code without further notice, hearing or court order.

3.     That the Order Terminating Automatic Stay be deemed effective and enforceable immediately upon its entry with no stay on its enforcement as prescribed by *Rule 4001(a)(3)* of the *Federal Rules of Bankruptcy Procedure*.

4.     For such other relief as the Court deems proper.


**Shapiro, Van Ess, Sherman & Marth, LLP**

**DATED**: February 11, 2019                    /s/ Angie M. Marth
                                                 **Shapiro, Van Ess, Sherman & Marth, LLP**
                                                 Attorneys for Movant